LEHAN, Acting Chief Judge.
The defendant, Allen Richardson, invokes the certiorari jurisdiction of this court to review an order of the trial court which, among other things, terminated the discovery process. We grant the petition for writ of certiorari and quash the order in that respect.
Defendant is represented by the public defender on the charge of first-degree murder. Following the return of the murder indictment the state moved for an order requiring defendant to submit fingerprints and handwriting exemplars. The motion stated only that the desired evidence was relevant. From the record it appears that the samples were sought to rebut a potential alibi defense.
Against his attorney’s advice defendant refused to provide either the fingerprints or handwriting samples. The state moved to compel production of those items, and a hearing was conducted on that motion. When questioned by the trial judge, defendant claimed he had already submitted to fingerprinting and had signed his name several times. He also accused the police of withholding favorable evidence. When he persisted in his refusal the trial court entered an order requiring the parties to “proceed to trial without further discovery.” In conjunction with that order the court forbade the public defender to take depositions which had previously been scheduled. Additionally, the order adjudged defendant to be in contempt of court and authorized the use of any reasonable force necessary to accomplish the fingerprinting.
While we feel constrained to quash the order, we do not do so without pause. We recognize that Florida Rule of Criminal Procedure 3.220(j)(1) broadly authorizes the imposition of sanctions against a party for discovery violations and includes within its authorization “such other order as it [the court] deems just under the circumstances.” There is no doubt that defendant’s intransigence was a discovery violation. The state had complied with its discovery obligation. Defendant had no right to refuse to provide the items specified in the earlier order. See, e.g., Vena v. State, 295 So.2d 720 (Fla. 3d DCA 1974). Also, trial judges are vested with substantial discretion in such matters, see State v. Lowe, 398 So.2d 962 (Fla. 4th DCA 1981), and our respect for the trial judge reflects the realization that he was in a position to *152 see and hear the defendant. We stress that our holding is limited to the particular facts of this case, based upon our review of the available record.
Our conclusion that there was an abuse of discretion principally involves the following aspects: (1) The defendant is facing a possible death sentence, and it may be concluded that full discovery is of great importance in assuring effective representation by counsel; (2) defendant’s repeated assertions that the state was already effectively in possession of the desired items were not refuted by the state; (3) as is evident from the order, the fingerprints can be obtained without defendant’s voluntarily providing them, and, as conceded by the state, defendant has long had the opportunity to alter his style of handwriting; (4) when defendant’s attorney moved for a continuance, the state asserted, “we are ready for trial,” which was repeated by the state at a later hearing on the state’s motion for sanctions, thereby raising at least a question as to whether the fingerprints and handwriting exemplars are essential to the prosecution; (5) defendant has also been adjudicated to be in contempt, with sentencing therefor being deferred; and (6) defendant’s attorney requested the appointment of psychiatric experts to assist in preparation of the case with respect to possible “mental or emotional illness” or competency of defendant, thus, in conjunction with the inherent nature of defendant’s intransigence, at least raising a question as to defendant’s full understanding of the situation.
Under the peculiar circumstances of this case, we cannot say that if defendant is convicted these circumstances would not provide at least arguably meritorious grounds on appeal. We must conclude that there was error in ordering the case to trial without further discovery. The order is affirmed in all other aspects.
The petition for writ of certiorari is granted, and this case remanded for proceedings consistent herewith.
FRANK and HALL, JJ., concur.